**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY S. DWORJAN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, RAY MAYBUS, SEC'Y OF THE NAVY, BD. FOR CORRECTION OF NAVAL RECORDS, NAVAL DISCHARGE REVIEW BD., and JANE DOES and JOHN DOES, <br><br> Defendants. | Civil Action No. 13-2671 (MAS)(TJB) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

The present matter comes before the Court upon the motion of Defendants United States of America ("United States"), Ray Mabus, Secretary of the Navy, Board for the Correction of Naval Records ("BCNR"), and the Naval Discharge Review Board ("NDRB") (collectively, "Defendants"). Defendants have moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56. (Defs.' Br., ECF No. 9-1.) Plaintiff Gregory S. Dworjan ("Plaintiff") filed Opposition (Pl.'s Opp'n, ECF No. 48) and Defendants replied. (Defs.' Reply, ECF No. 54.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

By way of background, Plaintiff graduated from the Naval Officer Candidate School located in Newport, Rhode Island (the "School") in 2009. (Compl., ECF No. 1, ¶ 8.) Upon graduation, Plaintiff was not commissioned as an officer in the Navy because he had not received medical clearance. (*Id.*) After graduation, Plaintiff was accused of assaulting a female student at his School.

(*Id.* ¶¶ 9-10.) Plaintiff also violated an order prohibiting him from having females in his room. (*Id.* ¶ 11.) On the assault charge and order violation, the Enlisted Disciplinary Review Board ("EDRB") held a hearing and recommended that Plaintiff be "attrited and separated" from the School. (*Id.* ¶ 16.) Upon the EDRB's recommendation, Plaintiff was separated from the School and honorably discharged from the Navy on July 2, 2009. (*Id.* ¶¶ 2, 17-18.) Plaintiff's certificate of discharge (DD Form 214) provides, among other things, that Plaintiff's military reentry is "RE-3K," which means that he was dis-enrolled from the School and is unqualified for enlisted status. In other words, Plaintiff was effectively barred from ever reenlisting in the Navy or any other branch of the U.S. military. (*Id.* ¶¶17-18.)

Plaintiff sought administrative relief to correct his record and discharge so that he could be reinstated in the Navy, but was denied on two fronts. Although granting him partial relief, the BCNR refused to correct his record so that he could be commissioned. Then, the NDRB reviewed his discharge but stated that it had no authority to reinstate Plaintiff as a commissioned officer or change Plaintiff's reentry status. From these decisions, Plaintiff has filed a three-count Complaint seeking: (1) reinstatement into the Navy as a commissioned officer or, in the alternative, reinstatement into the Navy and re-enrollment in School to obtain commission; (2) an order modifying his certificate of discharge so that he can reenlist in the Navy and be accepted back into School; (3) attorney's fees and costs, and such other relief and damages as the Court deems appropriate; and (4) any other relief that the Court deems proper.

I.  **12(b)(1) Motion**

Defendants move to dismiss Counts Two and Three of the Complaint for lack of subject matter jurisdiction. Count Two is brought pursuant to the Mandamus Act, 28 U.S.C. § 1361, seeking reversal of the BCNR and NDRB decisions. Count Three is brought pursuant to 10 U.S.C. § 1552 (which authorizes the Secretary of the Military to correct military records), seeking to have the

separation and discharge determinations overruled and for corrective action to be taken to allow Plaintiff to rejoin the Navy as an officer.

In determining whether a complaint should be dismissed under Rule 12(b)(1), for lack of subject matter jurisdiction, no presumption of truthfulness attaches to the allegations in the complaint and the court may consider matters outside the pleadings such as affidavits without converting the motion to one for summary judgment. *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999). "[T]he Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case." *Carpet Grp. Int'l. v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The plaintiff has the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

### A. Count Two: Mandamus Relief

Defendants move to dismiss Count Two contending that Plaintiff's claim under the Mandamus Act is not extraordinary, that the relief requested from the BCNR, NDRB, and this Court is discretionary, and that Plaintiff has a potential remedy under the Administrative Procedures Act ("APA"), which Plaintiff employs in Count One of his Complaint. (Defs.' Br. 9, 20.) Plaintiff opposes alleging that the Court has original jurisdiction to compel an U.S. officer or agency to perform a duty owed to Plaintiff and that the decisions made by Navy boards were "arbitrary, capricious, an abuse of discretion and contrary to [military procedure]." (Pl.'s Opp'n 20.)

The Court agrees with Defendants' assessment. The Mandamus Act vests the district court with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See* 28 U.S.C. § 1361. It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *United States v. Olds*, 426 F.2d 562, 565 (3d Cir. 1970). Furthermore, "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other

3

avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler*, 466 U.S. at 616; *see also Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988).

Here, even if Plaintiff could establish that the relief he seeks was based on a clear nondiscretionary duty owed to him by Defendants, Plaintiff has failed to demonstrate that he has exhausted all avenues of relief.[1] Specifically, Plaintiff has brought a claim under the APA, 5 U.S.C. § 701 *et seq.* (Count One), in which he seeks the same relief as Counts Two and Three and argues that the underlying Navy board decisions were arbitrary and capricious. Thus, Plaintiff is not entitled to a writ of mandamus because he has another means to seek relief. *See Heckler*, 466 U.S. at 616; *Semper v. Gomez*, No. 13–2582, --- F.3d ----, 2014 WL 1133557, at *62-63 (3d Cir. Mar. 24, 2014); *Wauby v. United States*, No. 09-1167 (SDW), 2010 WL 324521, at *6 (Jan. 19, 2010).

## B. Count Three: Section 1552 Claim

Defendants move to dismiss Count Three because 10 U.S.C. § 1552 does not waive the United States' sovereign immunity to suits alleging failure to correct military records and, therefore, the APA controls the Court's review of the BCNR decision. (Defs.' Br. 21.) Plaintiff has not opposed Defendants' motion.

It is well established that the United States has sovereign immunity except where it consents to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA is an example of a limited waiver of the United States' sovereign immunity and gives a district court exclusive jurisdiction over those civil actions. *See* 28 U.S.C. § 1346(b). Section 1552(a)(1) provides that the "Secretary of a military department may correct any military record . . . when the Secretary considers it necessary to correct an error or remove an injustice[.]" However, "[t]he statute does not waive the United States' sovereign immunity to suits, [such as this one], alleging failure of a board of civilians convened under 10 U.S.C. § 1552 to correct military records." *Budik v. United States*, 949 F. Supp. 2d 14, 31

---

[1] The Court notes that Plaintiff's characterization of the EDRB, NDRB, and BCRN decisions as an "abuse of discretion" belies his own argument that Defendants owed him a "nondiscretionary duty."

4

(D.D.C. 2013). Because the United States' consent to be sued is a prerequisite to jurisdiction, *Mitchell*, 463 U.S. at 212, the Court does not have jurisdiction of Plaintiff's claims for monetary relief under § 1552. *Budik*, 949 F. Supp. 2d at 31.

Plaintiff's claim seeking to set aside the BCNR's decision as arbitrary, capricious, and an abuse of discretion is more appropriately resolved under the APA, which Plaintiff uses as a vehicle for relief in Count One. *Neal v. Sec'y of Navy & Commandment Marine Corps*, 639 F.2d 1029, 1036 (3d Cir. 1981).

## II. Rule 12(b)(6) Motion

Defendants move to dismiss Plaintiff's Complaint to the extent that Plaintiff asks the Court to appoint him as a commissioned officer or to order/permit Plaintiff's reenlistment in the Navy. (Defs.' Br. 7, 15, 18.) Defendants claim that Plaintiff's relief cannot be granted on two grounds: (1) the Court cannot directly appoint Plaintiff as a commissioned Naval Officer; and (2) no person possesses the constitutional right to enlist or reenlist in the military. (*Id.* at 15.) Plaintiff has not opposed this motion.

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Rule 8(a)(2) "requires only a short and plain statement of the claim," enough facts to show "that the pleader is entitled to relief," and "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (internal quotation marks omitted)). The court construes the complaint in the light most favorable to the plaintiff, accepting as true all factual allegations but disregarding "unadorned" conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

It is undisputed that when Plaintiff graduated in July 2009, he was not a commissioned officer. (Compl. ¶ 8.) Yet, in his prayer for relief he seeks, among other things, reinstatement into the

5

Navy as a commissioned officer or, in the alternative, reinstatement into the Navy so that he can attend School and obtain a commission. In addition, Plaintiff seeks an order modifying his discharge so that he can reenlist in the Navy. Defendants correctly assert that the Court cannot appoint Plaintiff as a commissioned officer. "Under the Constitution, the President is given the authority to appoint officers 'by and with the Advice and Consent of the Senate.'" *Dysart v. United States*, 369 F.3d 1303, 1312 (Fed. Cir. 2004) (quoting U.S. Const. art. II, § 2, cl. 2). Because the power to appoint a naval officer lies with the President and the Senate, Plaintiff seeks relief that this Court cannot grant. *Dysart*, 369 F.3d at 1316. Likewise, Plaintiff does not cite any statute or case law demonstrating that the Navy has an obligation to reenlist Plaintiff and that the Court has the authority to order it to do so. *See* 10 U.S.C. §508(b); *see also Hwang v. United States*, 94 Fed. Cl. 259, 271 (Ct. Cl. 2010) ("no service person has a right to enlist or reenlist in the armed forces unless specially granted one") (citation and internal quotations omitted); *Neal*, 639 F.2d at 1041 n.11. Therefore, the Defendants' motion is granted to the extent Plaintiff seeks this relief.

### III.    Rule 56 Motion

In Count One, Plaintiff asks the Court to set aside the decisions of the Secretary of the Navy, through his administrative boards, denying his requests for relief. Plaintiff claims that these decisions were arbitrary, capricious, an abuse of discretion, and in violation of the APA, 5 U.S.C. § 706. (Compl. ¶¶ 29-31.) Defendants move to dismiss or, in the alternate, seek summary judgment as to Count Three arguing that the decisions made by the administrative boards were supported by the evidence of record and not arbitrary, capricious, an abuse of discretion, or contrary to law. (Defs.' Br. 21-22.) Summary judgment is an appropriate mechanism for reviewing the final action of a government agency under the APA. *Concerned Citizens Alliance, Inc. v. Slater*, 176 F.3d 686, 693 (3d Cir. 1999). Therefore, the Court will review Defendants' motion as one for summary judgment once the Parties are given an opportunity to be heard. Accordingly, the Defendants' motion as to Count One is denied, without prejudice, pending a hearing.

Therefore, based on the foregoing, and other good cause shown,

**IT IS**, on this 30th day of April, 2014, **ORDERED** that:

1. Defendants' Motion is **GRANTED in part** and **DENIED in part**.

2. Defendants' Rule 12(b)(6) motion is granted.

3. Defendants' Rule 12(b)(1) motion is granted. Count Two is dismissed without prejudice and Count Three is dismissed with prejudice.

4. Defendants' Rule 56 motion pertaining to Count One is denied, without prejudice, pending a hearing to be scheduled by the Court.

    a. The Parties shall contact the Court within seven (7) days to schedule a date for the Court to hear oral arguments as to Count One.

    b. Defendants are granted leave to renew their Rule 56 motion after a hearing is held as to Count One.

5. The Clerk shall terminate this motion (ECF No. 9).

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE