**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY S. DWORJAN, | |
| Plaintiff, | |
| v. | Civil Action No. 13-2671 (MAS)(TJB) |
| UNITED STATES OF AMERICA, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Defendants United States of America; Ray Mabus, Secretary of the Navy; Board for Correction of Naval Records ("BCNR"); and the Naval Discharge Review Board's ("NDRB") (collectively, "Defendants" or the "Navy") Motion for Reconsideration, pursuant to Local Civil Rule 7.1(i), of the Court's June 15, 2015 Order denying Defendants' Motion for Summary Judgment (ECF No. 62). (ECF No. 63.) Plaintiff Gregory S. Dworjan ("Plaintiff" or "Mr. Dworjan") filed an opposition brief (ECF No. 64), and Defendants replied (ECF No. 70). In addition, Defendants filed a response to the Court's Order to Show Cause (ECF No. 65), which required Defendants to show cause by July 6, 2015, why summary judgment should not be granted in favor of Plaintiff, and Plaintiff filed an opposition brief (ECF No. 68).

**I.    Legal Standard**

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that should be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (internal quotation marks omitted). The moving party must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The scope of the motion is "extremely limited," and the party moving for reconsideration cannot use the motion "as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Local Civil Rule 7.1(i) provides that the moving party must set forth "concisely the matter or controlling decisions" that the party believes the court has overlooked. "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]." *United States v. Pinkhasov*, No. 08-285, 2009 WL 150669, at *1 (D.N.J. Jan. 21, 2009).

## II. Analysis[1]

In their Motion for Reconsideration, Defendants contend that the Court's June 15, 2015 Decision (Op., ECF No. 61) denying their Motion for Summary Judgment, was contrary to the law governing the Administrative Procedures Act ("APA"), because it "(1) afforded the Navy no deference, (2) rejected the Navy's interpretation of its own regulations, (3) determined, on its own, that other sections of the MILPERSMAN [an administrative document issued by the Chief of Naval Personnel] applies to plaintiff's separation, (4) found that the Navy failed to comply with those sections, and (5) concluded that the Navy's failure to comply with those MILPERSMAN sections prejudiced plaintiff." (Defs.' Moving Br. 7, ECF No. 63-1.) In particular, Defendants argue that the "Court overlooked the well-established standard controlling judicial review of APA Actions" by stating that sections 1910-233, 1910-400, 1910-404, 1910-408, 1910-504, and 1910-

---

[1] The background for this dispute is set forth in detail in this Court's decision on Defendants' motion for summary judgment. (ECF No. 61.)

2

508 of the MILPERSMAN "appear to be directly applicable" to Plaintiff's separation. (*Id.* at 7.) As discussed below, the Court disagrees that the APA compels the Court to review only those particular sections of the Navy's regulations that the Navy cites and simply ignore other sections of its regulations. Nonetheless, based on Defendants' submissions in support of their Motion for Reconsideration, and in particular the Declaration of Lieutenant Commander Dennis ("LCDR Dennis"), the Court grants Defendants' Motion for Reconsideration and finds that the Navy did not act arbitrarily, capriciously or contrary to law.

### A. Defendants' Motion for Reconsideration

Defendants argue that, pursuant to the standard of review for APA actions, the Court should have ignored the "Mandatory Separation Processing" guidelines in section 1910-233 of the MILPERSMAN and simply accepted "the Navy's representation that the only regulation controlling the Disciplinary Review Board ("DRB") proceeding was [Officer Training Command Newport ("OTCN")] Instruction 1610 and that the separation was in accordance with MILPERSMAN 1910-182." (Def.'s Moving Br. 6-7.) The Court disagrees. The APA does not relieve the Court of its duty to review an agency's decisions. *Wisotsky v. United States*, 69 Fed. Cl. 299, 304 (Ct. Cl. 2006) ("Although [c]ourts should be responsible and seek not to interfere in military matters beyond their competence, it, nonetheless, is a court's duty to identify and review errors in process and procedure, especially when those procedures have been established by the military itself."). Nor does it permit the Court to ignore seemingly "mandatory" procedures in conducting this review. *See also id.* ("Agencies are bound by the applicable statutes and regulations.") Particularly here, where the Court was charged with the responsibility of examining a decision that effectively deprived an individual of his chosen profession and the honor of serving his country, the Court must ensure that the Navy did not act arbitrarily, capriciously, or contrary

3

to law in both identifying and adhering to the applicable regulations. Accordingly, consistent with the standard of review prescribed by the APA, in reviewing Plaintiff's separation, the Court reviewed the following articles of the Navy's regulations which pertain to administrative separations: (1) article 1910-200, which provides guidelines for separations; and (2) article 1910-400, which provides notice procedures for separations. As discussed below, however, based on Defendants' submissions in support of their Motion for Reconsideration and in particular, the Declaration of Lieutenant Commander Dennis, the Court finds that its interpretation of these provisions in its June 15, 2015 Decision was incorrect.

### 1. The Navy's "Mandatory" Separation Procedures

Article 1910-200 of the MILPERSMAN, titled "Guidelines on Separation and Suspension of Separation," states that it is applicable to "all enlisted administrative separations." MILPERSMAN 1910-200. Nothing in the language of article 1910-200 limits its application to particular administrative separations. On the contrary, paragraph one of this article provides that, in addition to the guidance provided in article 1910-200, "[f]urther guidance is provided under the specific reason for processing in MILPERSMAN 1910-100," and article 1910-100 in turn refers to separations for "voluntary," "involuntary," and a catchall "other" reasons. MILPERSMAN 1910-200; 1910-100. Thus, by its terms, article 1910-200 appears to mandate that the guidelines provided in this article apply to all administrative separations, including Plaintiff's.

One of the "guidelines" provided in article 1910-200, is titled "Mandatory Separation Processing." MILPERSMAN 1910-233. Consistent with the plain meaning of the word "mandatory" and the directive in article 1910-200 that it is to be applied to "all enlisted administrative separations," in its June 15, 2015 Decision the Court found that the "Mandatory Separation Processing" guidelines, which are contained in section 233 of article 1910-200, were

to be applied to all enlisted administrative separations. (Op. 10.) Section 233 directs the Navy to "[u]se the administrative board procedures per MILPERSMAN 1910-404, except as noted in the table below." MILPERSMAN 1910-233. The table provided in section 233 describes eleven specific offenses and refers to particular guidelines for processing these offenses. *Id.* Noting that the "Plaintiff's stated basis for separation . . . is incompatible" with the offenses listed in the table, the Court found that the procedures under MILPERSMAN 1910-404, rather than the procedures referenced in the table, were applicable to Plaintiff's separation. (Op. 10 n.11.)

In their Motion for Reconsideration, Defendants contend that the Court's interpretation of section 233 is incorrect. (Defs.' Reply Br. 5.) Defendants assert that section 233 applies only to the eleven offenses described in the table provided in the section, and as such its provisions are "mandatory" only with respect to those particular offenses. (*Id.*) To support this interpretation, Defendants provide the Declaration of LCDR Dennis, the Navy officer currently serving as branch head of Enlisted Separations. (LCDR Dennis Decl. ¶ 1, ECF No. 70-1.) LCDR Dennis is responsible for administering MILPERSMAN article 1910-200 and "other articles pertinent to enlisted separations." (*Id.*) In his declaration, LCDR Dennis asserts that:

> The purpose of Paragraph 1 of MILPERSMAN 1910-233 is to direct commanding officers to elevate the decision to retain a service member, who has committed specific offenses, beyond the commanding officer of the unit. The statement "Use administrative procedures per MILPERSMAN 1910-404, except as noted below" only applies to cases where the offenses listed in [the table in] MILPERSMAN 1910-233 have been committed. This article[2] does not direct that administrative board procedures be provided to all members.

---

[2] In his declaration LCDR Dennis refers to both the MILPERSMAN articles as well as their subparts as "articles." To avoid confusion, the Court distinguishes between articles and their subparts by referring to the subparts as "sections."

5

(*Id.* ¶ 3(b).) Furthermore, LCDR Dennis states that "DODI 1322.14 and MILPERSMAN 1910-400 make clear that enlisted Sailors are entitled to an administrative separation board in only two circumstances: if the member is facing the possibility of an other than honorable discharge and/or if the member has over six years of active and/or reserve duty service." (*Id.* ¶ 3(a).) Applying the deferential standard of review given to an agency's interpretation of its own regulations,[3] the Court finds that LCDR Dennis's interpretation of section 233 and the sections referenced therein is controlling. Accordingly, based on LCDR Dennis's Declaration, the Court grants Defendants' Motion for Reconsideration to correct its interpretation of these sections of the MILPERSMAN.

Applying LCDR Dennis's interpretation of section 233 and article 1910-400, the Court finds that because Plaintiff was honorably discharged and had served less than six years, the Navy did not act arbitrarily, capriciously, or contrary to law in discharging the Plaintiff without an administrative separation board or any of the concomitant rights.[4] Whether the Navy acted arbitrarily, capriciously, or contrary to law in failing to give Mr. Dworjan notice as to the reasons for separation is, however, a much closer question.

### 2. The Navy's Separation Notification Procedures

Plaintiff argues that "a reading of MILPERSMAN 1910-400 and 1910-182 together leads to the initial conclusion that Plaintiff was due notification under 1910-402." (Pl.'s Opp'n Br. 11.) Because the Court found that Plaintiff was entitled to notification pursuant to his right to an administrative separation board under MILPERSMAN 1910-404, the Court did not address section

---

[3] *See Chevron U.S.A., Inc. v. Natural Res. Defense Council*, 467 U.S. 837, 844 (1984) (discussing deference given to an agency's interpretation of its own regulations).

[4] Some of these concomitant rights are described in MILPERSMAN sections 1910-404 ("Notice of Administrative Board Procedure"), 1910-504 ("Right to Counsel"), and 1910-508 ("Witnesses at [an] Administrative Board").

6

1910-402 in its June 15, 2015 Decision. Having granted Defendants' Motion for Reconsideration and having found that the Navy's regulations did not mandate review by an administrative separation board pursuant to MILPERSMAN 1910-404, the Court now considers whether Plaintiff was nonetheless entitled to notice as to the reasons for separation and a chance to respond pursuant to MILPERSMAN 1910-402 and 1910-408.

LCDR Dennis's Declaration does not address the notification procedures described in MILPERSMAN 1910-400(1)(a), 1910-402 and 1910-408. MILPERSMAN 1910-400 states that "[a] member may be processed for [administrative separation] by *either* Notification or Administrative Board Procedures." MILPERSMAN 1910-400 (emphasis added). Importantly, in contrast to separation by administrative board procedures, separation by notification does not require a dishonorable discharge or a particular length of service. MILPERSMAN 1910-400(1)(a). Thus, the notification procedure appears to be a minimum procedural safeguard that is applicable to individuals, like Plaintiff, who are not entitled to an administrative separation board.

The merits of affording members of the military some notice before convening a hearing that could result in the individual's separation from the military are well illustrated by Plaintiff's case. Here, without notice of the Disciplinary Review Board ("DRB") or even the charges against him,[5] Plaintiff failed to offer a defense to the accusations of assault at the DRB hearing. While the DRB found that "Candidate Officer Dworjan refused to answer questions about the alleged assault charges on the advice of his lawyer," it does not appear that Mr. Dworjan actually had the opportunity to respond to these allegations at the DRB hearing or that he ever "refused" to answer

---

[5](Dworjan Statement, A.R. 40-41, ECF No. 17) ("At no point during this DRB was I read my rights, the charges, or accusations against me. I had no opportunity to prepare statements, consult with my lawyer, talk to persons who could help my case, or in any way prepare for the ambush of the DRB. Worst of all, I had no idea why I was there.").)

7

questions regarding these allegations. (DRB Findings ICO Candidate Officer Dworjan ¶ 2, Administrative Record ("A.R.") 162, ECF No. 22.) In his statement to the BCNR, Mr. Dworjan asserted: "During the course of the DRB, LCDR Favata told me that I was accused of dating three women at the same time- in fact, this was the only allegation. . . . No one in the DRB mentioned the assault . . . ." (March 14, 2011 Statement of Applicant Gregory S. Dworjan ("Dworjan Statement"), A.R. 41, ECF No. 17.) Defendants have not disputed or offered any evidence that contradicts this account of the DRB hearing. Accordingly, it appears that Mr. Dworjan's "refus[al]" to answer questions occurred "[d]uring the week of June 15, [when] Base Police contacted [Mr. Dworjan] in an attempt to get him to meet with them without legal counsel present." (Synopsis, A.R. 47, ECF No. 18.) Furthermore, it appears that what the DRB construed as Mr. Dworjan's "refus[al] to answer questions about the alleged assault charges on the advice of his lawyer" was in fact Mr. Dworjan's insistence, on the advice of counsel, to have an attorney present during questioning by the Base Police regarding assault charges. (DRB Findings ICO Candidate Officer Dworjan ¶ 2, A.R. 162).[6]

In a submission to the BCNR, Plaintiff explained that after a defense attorney from the Navy Legal Service Office "advised [him] not to make any statements regarding the case without [counsel] being present," and contacted the Base Police who were investigating the assault accusations to request that they send questions for Mr. Dworjan in writing, the Base Police "abruptly stopped [their investigation] without interviewing all the witnesses or [Mr. Dworjan]." (Synopsis, A.R. 47.) Thereafter, the DRB considered only the uncontested statements of Officer

---

[6] Mr. Dworjan provided a response to the allegations of assault in his submission to the BCNR. (March 23, 2011 Application for Correction of Military Record, A.R. 28-213, ECF Nos. 17-24.)

8

Candidates Elizabeth Wilcockson and Miranda Rosenbaum, and rather than recognizing that the investigation had been stopped, the DRB stated that Mr. Dworjan refused to answer questions:

> Candidate Officer Dworjan refused to answer questions about the alleged assault charges on the advice of his lawyer. The board could only consider the statements in the investigation by the victim (Wilcokson [sic]) and the witness (Roesnbaum [sic]) as evidence when contemplating the alleged assault.

(DRB Findings ICO Candidate Officer Dworjan ¶ 2, A.R. 162). Thus, here the failure to afford Mr. Dworjan notice pursuant to MILPERSMAN section 1910-402 and time to respond pursuant to MILPERSMAN section 1910-408, effectively deprived Mr. Dworjan of the opportunity to contest the allegations of assault at the DRB hearing.[7]

Unfortunately, however, the Navy's regulations do not mandate that its members receive the protections of these notice provisions. MILPERSMAN 1910-400(1) states: "A member *may* be processed for [Administrative Separation] by either Notification or Administrative Board Procedures." MILPERSMAN 1910-400(1) (emphasis added). Furthermore, while some sections of the MILPERSMAN explicitly state that a particular basis for separation triggers the right to notice pursuant to either 1910-402 *or* 1910-404, MILPERSMAN 1910-182, the provision under which Plaintiff was separated, does not reference any notification procedure. *See, e.g.*, MILPERSMAN 1910-154 (stating that "Notice of Notification Procedure (MILSPERMAN 1910-

---

[7] In addition to the allegations of assault, the DRB also considered an alleged order violation. With respect to the order violation, Mr. Dworjan disputed Master Sergeant Sundermeir's statement that he had advised Mr. Dworjan that "there are no woman [sic] allowed in the barracks at all." (*Id.* ¶ 3.) In response to formal written counseling by LCDR Gray on Mr. Dworjan's violation of this order, Mr. Dworjan stated that he "did not recall being given the order by [Master Sergeant] Sundermeier [sic]." (Dworjan Statement, A.R. 40.) Thus, in addition to the "results of the criminal investigation for the alleged assault," the DRB also based its decision to immediately attrite Mr. Dworjan from the OTCN on "his unwillingness to accept responsibility for his actions regarding his orders violation." (DRB Findings ICO Candidate Officer Dworjan ¶ 5, A.R. 162.)

402) shall be used to process member for separation."). Thus, given the "strong but rebuttable presumption that administrators of the military, like other public officials, discharge their duties correctly, lawfully, and in good faith," *Frizzelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997) (quoting *Collins v. United States*, 24 Cl. Ct. 32, 28 (1991), *aff'd*, 975 F.2d 869 (Fed. Cir. 1992)), the Court is compelled to conclude that the DRB did not act arbitrarily, capriciously, or contrary to law in denying Plaintiff notice or time to respond pursuant to MILPERSMAN 1910-402 and 1910-408.

Accordingly, the Court grants Defendants' Motion for Reconsideration and finds that the Navy did not act arbitrarily, capriciously or contrary to law in denying Plaintiff the procedural protections provided in MILPERSMAN 1910-233, 1910-404, 1910-408, 1910-504, and 1910-508.

### B. Defendant's Motion for Summary Judgment

In Plaintiff's opposition to Defendants' Motion for Summary Judgment, Plaintiff argued that the DRB violated Articles 31 and 32 of the Uniform Code of Military Justice ("UCMJ"). (Pl.'s Summary Judgment Opp'n Br. 3-18, 20-23, ECF No. 48.) In their reply brief, Defendants did not contest that the DRB did not comply with the procedures of Articles 31 and 32 of the UCMJ. Rather, Defendants argued that these articles are inapplicable because the DRB was not a criminal proceeding and Plaintiff was not subject to a court-martial. (Def.'s Summary Judgment Reply Br. 6-8, ECF No. 54.) Because the Court found that the "Navy did not act in accordance with the MILPERSMAN," it did not address these arguments in its June 15, 2015 Decision. (Op. 12 n.12.) Having granted Defendants' Motion for Reconsideration and having found that the Navy acted in

accordance with MILPERSMAN, the Court now addresses Plaintiffs' argument regarding Articles 31 and 32 of the UCMJ.

First, with respect to Article 31 of the UCMJ, this provision prohibits self-incrimination. While the rights that Article 31 provides would arguably have been applicable to Plaintiff because Plaintiff was suspected of having committed assault, the only remedy that it provides is the exclusion of incriminating statements in a trial by court martial. 10 U.S.C. § 831 (a)-(d); *see also Kindred v. United States*, 41 Fed. Cl. 106, 112 (Ct. Cl. 1998) ("[B]ecause plaintiff was not the subject of a court-martial, but the subject of an administrative discharge, the Article 31(d) remedy does not apply."). Here, Plaintiff was not subject to a trial by court martial nor has he alleged that he made any incriminating statements. Accordingly, Article 31 is not applicable.

Second, Article 32 of the UCMJ pertains to a preliminary hearing, which is held to determine if there is probable cause and jurisdiction for a general court martial. 10 U.S.C. § 832(a). The DRB, which is governed by OTCN Instruction 1610, was not a court-martial. Accordingly, this provision is not applicable.

Having found that the Navy was not required to afford Plaintiff the protections provided in MILPERSMAN 1910-233, 1910-404, 1910-408, 1910-504, 1910-508 or UCMJ Articles 31 or 32, the Court concludes that the Navy did not act arbitrarily, capriciously, or contrary to law in separating the Plaintiff. Accordingly, Defendants are entitled to judgment as a matter of law.

### III. Conclusion

For the reasons set forth above, the Court grants Defendants' Motion for Reconsideration, vacates its June 15, 2015 Order denying Defendants' Motion for Summary Judgment, and grants Defendants' Motion for Summary Judgment.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** January 28, 2016